UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ALDRICK L. WOODRUFF,

Petitioner,

v.

MINNESOTA CORRECTIONAL FACILITY, OAK PARK HEIGHTS,

Respondent.

Civil No. 01-142 (DSD/SRN)

ORDER

On January 25, 2001, Petitioner filed a petition for writ of habeas corpus claiming that he is being unlawfully incarcerated at the Minnesota Correctional Facility at Oak Park Heights, Minnesota. However, Petitioner did not submit his petition on the proper form. See Local Rule 9.3. Because Petitioner is a state prisoner who is challenging the validity of a state court judgment, he can seek habeas corpus relief only under 28 U.S.C. § 2254. Instead of using the form prescribed for prisoners seeking relief under § 2254, he has used the form prescribed for those seeking relief under 28 U.S.C. § 2241. Therefore, the Clerk of Court will be directed to return the original petition to Petitioner pursuant to Rule 2(e) of the Rules Governing § 2254 Cases.

Petitioner will, of course, be allowed to file an amended petition, but if he does so, he will have to use the form prescribed for state prisoners seeking habeas corpus relief under 28 U.S.C. § 2254. (The Clerk will be directed to send Petitioner a copy of the correct form with his copy of this order.) If Petitioner has not submitted an amended petition on the proper form by March 1, 2001, he will be deemed to have abandoned this action, and it will be recommended that the action be summarily dismissed.

FILED JAN 30 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

The Court further notes that this action may not have been commenced within the time limits prescribed by 28 U.S.C. § 2244(d). Therefore, even if Petitioner does submit an amended petition in a timely manner, his request for habeas corpus relief will not be addressed on the merits unless he is able to demonstrate that this action is not time-barred. In addition to filing an Amended Petition on the proper form, Petitioner will also be required to file a separate memorandum showing good cause, if any exists, why this action should not be summarily dismissed pursuant to § 2244(d). That memorandum should include a complete chronology of the legal proceedings that followed Petitioner's conviction, so the Court can properly determine when the statute of limitations began to run and when the statute may have been tolled pursuant to 28 U.S.C. § 2244(d)(2). Petitioner's memorandum must be supported by an affidavit that describes all of the appeals and state post-conviction proceedings that he has pursued, including the dates when each such proceeding was commenced and completed at the trial court level and at the various appellate court levels (if applicable).

The memorandum and affidavit required by this order must be filed with Petitioner's Amended Petition. If Petitioner files an Amended Petition that is not accompanied by the required memorandum and affidavit, it will be recommended that this action be dismissed with prejudice. If Petitioner does file a complete response to this order in a timely manner, the parties shall thereafter await the further order of the Court.

Based upon the above, and upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

(1) Pursuant to Rule 2(e) of The Rules Governing Section 2254 Cases in the United States Districts Courts, the Clerk of Court shall return the original petition (Docket No. 1) to Petitioner, together with a blank copy of the habeas corpus petition form that is to be used in this District for actions brought under 28 U.S.C. § 2254.

(2) The Clerk shall retain a copy of the original petition in the Court file, as required by Rule 2(e).

(3) Petitioner shall have until March 1, 2001, to file an entirely new petition to be captioned "AMENDED PETITION," which shall be submitted on the proper form and shall set forth, accurately and completely, all of the information that is required by that form and the Rules of this Court.

(4) Petitioner's Amended Petition shall be accompanied by a separate memorandum and affidavit, setting forth a complete chronology of the actions he has undertaken in an effort to challenge his state criminal conviction, and explaining why this action should not be summarily dismissed pursuant to 28 U.S.C. § 2244(d)(1).

(5) If Petitioner fails to comply with all of the requirements of this Order within the time allowed, it will be recommended that this action be summarily dismissed with prejudice.

Dated: January 30, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge